## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BUTCH BURAS** | * | Civil Action #_____ |
| | * | |
| | * | |
| v. | * | Division _____ Section _____ |
| | * | |
| | * | |
| **TLC BOAT RENTAL, INC.**, and | * | Magistrate_____ |
| **WAHOO MARINE SERVICES,** | | |
| **LLC**, defendants | | |

## ORIGINAL COMPLAINT- SEAMAN'S SUIT

1.

Plaintiff **BUTCH BURAS**, respectfully files this Complaint against **TLC BOAT RENTAL, INC.**, and **WAHOO MARINE SERVICES, LLC**, as follows:

## PARTIES

2.

**BUTCH BURAS**, plaintiff.

3.

**TLC BOAT RENTAL, INC.**, defendant.

4.

**WAHOO MARINE SERVICES, LLC**, defendant.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction under 28 USC § 1333(1), and suit is brought under the provisions of the Jones Act, 46 USC app. § 688, and the general maritime

law. Plaintiff designates this matter as a maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure.

5.

Venue is proper in this Court under 46 USC app. § 688(a), and 28 USC § 1391.

## **FACTS**

6.

At all relevant times, Plaintiff **BUTCH BURAS** was employed by **TLC BOAT RENTAL, INC.**, or in the alternative **WAHOO MARINE SERVICES, LLC**, as a Jones Act seaman.

7.

On June 27, 2011, Plaintiff was assigned by Defendant, **TLC BOAT RENTAL, INC.**, or in the alternative **WAHOO MARINE SERVICES, LLC**, to work aboard an offshore boat, Wahoo #3, that was owned and/or operated and/or chartered and/or controlled by **TLC BOAT RENTAL, INC.**, or in the alternative **WAHOO MARINE SERVICES, LLC**, at all relevant times.

8.

On June 27, 2011, the plaintiff was performing his duties as a deckhand on board the Wahoo #3, on navigable waters of the United States. The plaintiff was required to wash off the deck of the boat. The plaintiff did so, and then was required to enter the engine room of the vessel, via stairs connecting the deck to the engine room.

9.

The stairs to the engine room had no railing. This created a dangerous condition. Further, as the plaintiff's boots were wet as a result of him cleaning the deck, the surface of the steps was slippery. No precautions had been taken to make the surface of the steps safer, such as a self-adhesive non-skid strip, or anti-slip adhesive tape, to improve traction.

10.

As Plaintiff carried out his orders to enter the engine room, he slipped on the dangerously unsafe surface of the steps. The plaintiff fell, causing serious personal injury to himself.

11.

The injury to the plaintiff was solely due to the fault and negligence of his employer, **TLC BOAT RENTAL, INC.**, or in the alternative **WAHOO MARINE SERVICES, LLC**, in the following respects:

    a)    Failure to provide sufficient staffing

    b)    Failure to provide sufficient deckhands

    c)    Failure to take care that the deck be maintained in a safe manner

    d)    Failure to install safety features on the stairs, including but not limited to failure to install railings and safety strips

    e)    Failure to adequately train employees and crew members regarding safety

    f)    Failure to provide a seaworthy vessel

g)   Unseaworthiness of the vessel

h)   All other acts of negligence which will be developed in discovery and presented at trial.

12.

Plaintiff shows that at all relevant times, he was where he was ordered to be, and performing the duties and functions he was instructed and obliged to perform under the directives of defendant, **TLC BOAT RENTAL, INC.** or in the alternative **WAHOO MARINE SERVICES, LLC**,

13.

The accident was caused by no fault of the plaintiff, and was caused soley by the negligence of the defendant.

14.

Plaintiff's injuries include injuries to his neck and back, and other injuries that will be shown at trial of this matter.

15.

Plaintiff has attempted to settle this matter without filing suit, and attempted to enter good faith negotiations with representatives of the defendant. However, the defendant failed to engage in discussions, forcing the plaintiff to file this suit for damages.

16.

These casualties occurred as a result of the negligence of the defendant, **TLC BOAT RENTAL, INC.** or in the alternative **WAHOO MARINE SERVICES, LLC**,

These acts of negligence render the defendant liable to plaintiff pursuant to the provisions of 46 USC app. § 688 and the general maritime law for negligence.

17.

Plaintiff's accident was caused by the defendant's violation of numerous statutes and regulations, including but not limited to, regulations issued by OSHA and the United States Coast Guard.

18.

Plaintiff demands that the defendant, **TLC BOAT RENTAL, INC.**, or in the alternative **WAHOO MARINE SERVICES, LLC**, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by Plaintiff's treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

19.

The above-described incidents and injuries, were caused solely by the negligence of the defendants, through their agents, servants, and employees.

20.

In the further alternative, plaintiff, **BUTCH BURAS**, reiterating and re-alleging each and every allegation set forth above, avers the applicability of Res Ipsa Loquitor.

21.

As a result of the above-described negligence and unseaworthiness of the vessel, Plaintiff suffered serious and disabling injuries, and is entitled to recover such damages as are reasonable in the premises.

22.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the Court determines are not properly subject to an award of pre-judgment interest, Plaintiff demands interest from the date of judicial demand.

23.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

## **DAMAGES**

24.

As a direct and proximate result of defendant's negligence, plaintiff suffered the following injuries and damages:

    a) physical pain and mental anguish in the past and future;

    b) medical expenses in the past and future;

    c) physical impairment in the past and future;

    d) loss of consortium in the past and future; and

    e) property damage.

## **PRAYER**

25.

For these reasons, Plaintiff asks for judgment against defendant for:

    a)    $2,500,000 as actual damages;

    b)    Past and future lost wages;

    c)    Past and future medical expenses;

    d)    Maintenance and cure;

    e)    Past and future loss of consortium;

    f)    Past and future loss of enjoyment of life;

    g)    Past and future general damages;

    h)    All other forms of damages allowed by law;

    i)    costs of suit;

    j)    pre-judgment and post-judgment interest; and

    k)    all other relief the court deems appropriate.

Plaintiff further prays for all general and equitable relief.

Respectfully submitted:

**Edward J. Womac, Jr. & Associates, LLC**

*/s/Brian King*_____
EDWARD J. WOMAC, JR. #02195
BRIAN KING, #24817
JASON F. GILES, #29211
3501 Canal Street
New Orleans, LA 70119
Phone 504-486-9999
Fax 504-488-4178
E-mail: bking@edwardwomac.com